IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00727–EWN–BNB


CEZER MORRIS, individually, and
on behalf of all others similarly situated,

      Plaintiff,

v.

TRAVELERS INDEMNITY COMPANY OF AMERICA,
a Connecticut Corporation,

      Defendant.

---

## ORDER AND MEMORANDUM OF DECISION

---

This is an insurance case.  Plaintiff Cezer Morris, allegedly on behalf of himself and all

others similarly situated, asserts that Defendant Travelers Indemnity Corporation of America (1)

breached the insurance contract between them by failing to pay personal injury protection ("PIP")

benefits and (2) violated Colorado Revised Statutes § 10–4–706(4)(a).  In addition, Plaintiff seeks

declaratory relief and reformation of the insurance contract.  This matter is before the court on (1)

"The Travelers Indemnity Company of America's Motion to Dismiss, or, Alternatively, to Strike

Class Allegations," filed June 17, 2005 and (2) "Plaintiff Morris' Motion for Class Certification

-1-

Pursuant to Federal Rule of Civil Procedure 23," filed October 24, 2005.  Jurisdiction is based on

28 U.S.C. § 1332.

## FACTS

*1.     Factual Background*

    *a.      Overview of No-Fault Act and Brennan*

Before addressing the issues raised by this case, I review the relevant portions of

Colorado's No-Fault Act, which was repealed in 2003,[1] and the decision in *Brennan v. Farmers*

*Alliance Mutual Insurance Company*, 961 P.2d 550 (Colo. App. 1998), *cert. denied*, 1998 Colo.

Lexis 587 (Colo. Aug. 24, 1998), interpreting those provisions.  "The No-Fault Act requires that

a complying [contract] include mandatory PIP benefits."  *Brennan*, 961 P.2d at 552.  Section

10–4–706(1) sets forth the basic coverages for inclusion in a compliant insurance contract.

Specifically, section 10–4–706(1), as relevant here, requires a carrier to provide:

> (b)(I) Compensation without regard to fault, up to a limit of fifty thousand dollars
> per person for any one accident, for payment of all reasonable and necessary
> expenses for medical . . . and nonmedical remedial care and treatment . . .
> performed within five years after the accident for bodily injury arising out of the
> use or operation of a motor vehicle . . . .
> (c)(I) Compensation without regard to fault up to a limit of fifty thousand dollars
> per person for any one accident within ten years after such accident for payment of
> the cost of rehabilitation procedures or treatment and rehabilitative occupational
> training necessary because of bodily injury arising out of the use or operation of a
> motor vehicle.

---

[1] Colorado's No-Fault Act comprised Colorado Revised Statutes sections 10–4–701 to
10–4–726, *repealed by* Laws 1997, H.B. 97–1209, § 8, effective July 1, 2003.  *See* Colo. Rev.
Stat. § 10-4-726 (effective July 1, 2003).  Thus, I cite to the 2002 version of Colorado Revised
Statutes.

Colo. Rev. Stat. § 10–4–706(1)(b)(I), (1)(c)(I).  Further, section 10–4–706(4)(a) provides that:

> An insurer issuing policies providing coverages as set forth in this section shall provide written explanations of all available coverages prior to issuing any policy to an insured.  After a named insured selects a policy with desired personal injury protection coverage, an insurer shall not be under any further obligation to notify such policy holder in any renewal or replacement policy of the availability of basic personal injury protection policy or of any alternative personal injury protection coverage.

Colo. Rev. Stat. § 10–4–706(4)(a).  Section 10–4–707 defines the category of people who receive coverage under section 10–4–706 to include: (1) the named insured, (2) resident relatives of the named insured, (3) passengers occupying the insured's vehicle with the consent of the insured, and (4) pedestrians who are injured by the covered vehicle.  *Brennan*, 961 P.2d at 553.

The Colorado No-Fault Act also requires every insurer to offer the named insured extended PIP benefits in exchange for higher premiums.  *See* Colo. Rev. Stat. § 10–4–710(2)(a); *see also Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1238 (10th Cir. 2003). Specifically, section 10–4–710(2)(a) requires that:

> Every insurer shall offer the following enhanced benefits for inclusion in a complying policy, in addition to the basic coverages described in section 10–4–706, at the option of the named insured:
> (I) Compensation of all expenses of the type described in section 10–4–706(1)(b) without dollar or time limitation; or
> (II) Compensation of all expenses of the type described in section 10–4–706(1)(b) without dollar or time limitations and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.

Colo. Rev. Stat. § 10–4–710(2)(a).  In *Brennan*, the Colorado Court of Appeals determined that the extended PIP coverage set forth in section 10–4–710(2)(a) applied to pedestrians.  *Brennan*,

961 P.2d at 553.  The *Brennan* court concluded that "it is apparent that the extended coverages offered there must apply to the categories of persons listed in [section] 10–4–707(1)."  *Id.*  Thus, following *Brennan*, insurers could not use the pedestrian limitation in their offers of extended PIP coverage.  The court noted that the "directive of [section] 10–4–710 is to the insurer, not the insured: all that is required is that the insurer offer these extended benefits."  *Id.* at 554.

### b.      *Facts Relating to Plaintiff*

The following facts are taken from Plaintiff's complaint.  On January 23, 2002, Plaintiff was a passenger in a vehicle driven by Lee Grant Austin ("Austin") which was involved in a three-car automobile accident in Denver, Colorado.  (Class Action Compl. and Jury Demand [filed Apr. 21, 2005] [hereinafter "Compl."].)  As a result of the collision, Plaintiff suffered severe personal injuries and other losses, including medical expenses and lost wages.  (*Id.* ¶ 20.)  At the time of the collision, Austin was driving a 1996 Toyota Avalon insured under automobile insurance policy number 9216879141011 ("Austin policy").  (*Id.* ¶ 22.)  The Austin policy included PIP coverage as defined by Colorado Revised Statutes § 10–4–701.  (*Id.* ¶ 23.)  Plaintiff alleges that the PIP coverage in the Austin policy only included "minimum coverages" as defined in Colorado Revised Statutes § 10–4–706.  (*Id.*)  Following the incident, Defendant paid PIP benefits to Plaintiff, including medical and rehabilitative expenses, as provided for in the "minimum coverages" contained in the Austin policy.  (*Id.* ¶ 25.)

### 2.      *Procedural History*

On April 21, 2005, Plaintiff filed a complaint in this court.  (Compl.)  On June 17, 2005, Defendant filed its motion to dismiss or alternatively to strike class allegations.  (The Travelers

Indemnity Co. of Am.'s Mot. to Dismiss, or, Alternatively, to Strike Class Allegations [filed June 17, 2005] [hereinafter "Def.'s Br."].) Defendant argues that it fully complied with Colorado law in issuing and providing PIP coverage under the Austin policy. (*Id.* at 9.) Defendant contends that given its disclosures and compliance with Colorado law, "the statute of limitations bars Plaintiff's claims." (*Id.* at 11.) Additionally, Defendant contends that this case cannot proceed as a class action. (*Id.* at 12–17.) On July 12, 2005, Plaintiff filed his response to Defendant's motion to dismiss. (Pl. Cezer Morris' Resp. to the Travelers Indemnity Co. of Am.'s Mot. to Dismiss, or, Alternatively, to Strike Class Allegations [filed July 12, 2005] [hereinafter "Pl.'s Resp."].) On July 27, 2005, Defendant filed a reply in support of its motion to dismiss. (Reply in Supp. of the Travelers Indemnity Co. of Am.'s Mot. to Dismiss, or, Alternatively, to Strike Class Allegations [filed July 27, 2005] [hereinafter "Def.'s Reply"].)

On October 24, 2005, Plaintiff filed a motion for class certification. (Pl. Morris' Mot. for Class Certification Pursuant to Fed. R. of Civ. P. 23 [filed Oct. 24, 2005] [hereinafter "Pl.'s Br."].) Plaintiff's complaint alleges that Defendant "never made a legally adequate offer of [extended] PIP coverage . . . to its insureds because its offer . . . excluded (1) pedestrians struck . . . and (2) non-relative occupants . . . ." (*Id.* at 2.) Additionally, Plaintiff contends that Defendant violated Colorado Revised Statutes § 10–4–706(4)(a) because it failed to provide an adequate written explanation of available extended PIP coverage options. (*Id.*) Accordingly, Plaintiff bases his motion for class certification on the assertion that Defendant's "acts and omissions have occurred in exactly the same manner as to each insured, and resulted each time in the offer and issuance of automobile insurance policies throughout the State of Colorado without

pre-issuance obligations being met." (*Id.*)  On November 14, 2005, Defendant filed a response to

Plaintiff's motion for class certification.  (Def. The Travelers Indemnity Co. of Am.'s Resp.

Opposing Mot. for Class Certification [filed Nov. 14, 2005] [hereinafter "Def.'s Resp."].)  On

December 2, 2005, Plaintiff filed a reply in support of his motion for class certification.  (Pl.

Morris' Reply to Def. The Travelers Indemnity Co. of Am.'s Resp. Opposing Mot. for Class

Certification [filed Dec. 2, 2005] [hereinafter "Pl.'s Reply"].)  On December 14, 2005, Defendant

filed a motion to file a surreply in opposition to class certification.  (Travelers Surreply in Opp'n

to Pl.'s Mot. for Class Certification [filed Dec. 14, 2005] [hereinafter "Def.'s Surreply"].)  On

December 15, 2005, I granted Defendant's motion for leave to file a surreply.  (Minute Order

[filed Dec. 15, 2005].)  On December 15, 2005, Defendant filed a surreply in opposition to

Plaintiff's motion for class certification.  (Travelers Surreply in Opp'n to Pl.'s Mot. for Class

Certification [filed Dec. 15, 2005].)

## ANALYSIS

### 1.    *Standard of Review*

Defendant moves the court to (1) dismiss the complaint under Federal Rule of Civil

Procedure 12(b)(6), (2) strike the class allegations, or (3) enter summary judgment in favor of

Defendant.  (Def.'s Br. at 1, 6–7.)  For the purposes of a motion to dismiss under Rule 12(b)(6), a

court should only dismiss the claim "when it appears that the plaintiff can prove no set of facts in

support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the

complaint as true and construing them in the light most favorable to the plaintiff."  *Dubbs v. Head

Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d

1215, 1224 [10th Cir. 1997], *cert. denied*, 522 U.S. 812 [1997]).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Id.* (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 [10th Cir. 1999]).

> If on a Rule 12(b)(6) motion,
>
> matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b) (2003).  "[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings."  *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998).

**2.     *Motion to Dismiss***

Plaintiff asserts three claims against Defendant: (1) declaratory relief and reformation of the insurance contract, (2) breach of contract for failure to pay extended PIP benefits, and (3) violation of Colorado Revised Statutes § 10–4–706(4)(a).  (Compl. ¶¶ 45–66.)  Defendant contends that "[b]ecause the facts as alleged by Plaintiff and the controlling insurance documents conclusively demonstrate that [Defendant] complied with [the No-Fault Act] when it issued the Austin policy, Plaintiff's claims must be dismissed."  (Def.'s Br. at 7.)  Plaintiff disputes that Defendant made a proper offer of extended PIP benefits.  (Pl.'s Resp. at 4–5.)  Prior to addressing the parties' arguments, I must address a preliminary matter.

### a.    *Preliminary Matter*

Defendant urges the court to consider exhibit one, which is attached to its motion to dismiss.  (Def.'s Br. at 6–7.)  Exhibit one is a form entitled "Supplementary Personal Injury Application — Colorado."  (*Id.*, Ex. 1 [Supp. PIP Form].)  Specifically, Defendant contends that "[a]lthough Plaintiff failed to attach the PIP form to the complaint, it is a document submitted as part of the application process for the very policy at issue in this case[, and Defendant's] motion is therefore properly analyzed as a Rule 12(b)(6) motion to dismiss."  (*Id.* at 6.)  Alternatively, Defendant requests that this court convert the motion to dismiss into one for summary judgment.  (*Id.* at 7.)  This exhibit is crucial to the outcome of Defendant's motion and Plaintiff's case.

A 12(b)(6) motion must be converted to a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court' and 'all parties . . . [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'"  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Fed. R. Civ. P. 12[b]).  Generally, if a court considers material outside the pleadings it must convert the motion to dismiss into one for summary judgment.  *Id.*

> Notwithstanding these general principles, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.

*Id.*

Here, Plaintiff neither incorporates Defendant's exhibit one, nor does he reference this document in his complaint.  Additionally, Plaintiff disputes the authenticity of the PIP selection

form: "[Defendant] asks that the suit be dismissed by Rule 12 standards, based upon the [PIP] selection form apparently signed by Austin (but undated), even though the selection form, and the policy issued to Austin, are legally defective." (Pl.'s Resp. at 2.)  Thus, I cannot consider Defendant's exhibit as part of the pleadings or on this motion to dismiss.  Moreover, I decline to transform the motion to dismiss into one for summary judgment.  "[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings." *Lowe*, 143 F.3d at 1381.  Defendant's exhibit one is in dispute and is central to Plaintiff's case.  In fact, Defendant's exhibit one could be dispositive of all Plaintiff's claims.  Accordingly, it is not appropriate to consider it at this juncture.

**2.    *Defendant's Motion to Dismiss***

Defendant alleges that Plaintiff's claims must be dismissed because (1) Defendant offered Austin enhanced PIP benefits through the PIP form and (2) the PIP form satisfied the requirements of the No-Fault act.  (Def.'s Br. at 7–12.)  As stated above, I decline to consider the PIP form at this juncture, nonetheless, I evaluate Defendant's allegations below.

Colorado Revised Statutes § 10–4–710(2)(a) requires that:

Every insurer shall *offer* the following enhanced benefits for inclusion in a complying policy, in addition to the basic coverages described in section 10–4–706, at the option of the named insured:
(I) Compensation of all expenses of the type described in section 10–4–706(1)(b) without dollar or time limitation; or
(II) Compensation of all expenses of the type described in section 10–4–706(1)(b) without dollar or time limitations and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.

Colo. Rev. Stat. § 10–4–710(2)(a) (emphasis added).  The relevant inquiry in the instant case, is whether Defendant offered Austin extended PIP coverage that satisfies the No-Fault Act. *Brennan*, 961 P.2d at 554.  Specifically, the offer of extended PIP coverage must satisfy section 10–4–710(2)(a)(I) or (II) and must not specifically exclude coverage for non-family occupants of a vehicle or pedestrians.  *Id.*  In other words, Defendant's offer of extended PIP coverage must describe the "coverage in a way that complie[s] with the No-Fault Act." *Sigala v. Hartford Underwriters Ins. Corp.*, No. 04–RB–0196, 2005 U.S. Dist. WL 2098141, slip op. at 6 (D. Colo. Aug. 29, 2005) (rejecting the plaintiff's reformation claim despite the fact that the policies issued to Plaintiff contained inaccurate descriptions of the extended PIP coverage of which the plaintiff was offered and declined).

Additionally, the offer need not be in writing.  Specifically, the written explanation requirement in section 10–4–706 is inapplicable to section 10–4–710.  Section 10–4–706(4)(a) requires a written explanation of the minimum PIP coverages.  As stated above, section 10–4–706(4)(a) provides:

> An insurer issuing policies providing *coverages as set forth in this section* shall provide written explanations of all available coverages prior to issuing any policy to an insured.  After a named insured selects a policy with desired personal injury protection coverage, an insurer shall not be under any further obligation to notify such policy holder in any renewal or replacement policy of the availability of basic personal injury protection policy or of any alternative personal injury protection coverage.

Colo. Rev. Stat. § 10–4–706(4)(a) (emphasis added).  Section 10–4–706 does not address the enhanced PIP benefits.  *Id.*  The only benefits detailed and "set forth in this section" are the minimum PIP coverages.  *See id*.  Thus, by its express terms, section 10–4–706(4)(a), limits its

applicability to the coverages defined by the same section — section 10–4–706. The written explanation requirement refers only to the coverages set forth in section 10–4–706 and not the enhanced coverages as provided for in a different section — 10–4–710. Moreover, section 10–4–710, on its face, does not require written explanations. Section 10–4–710(2)(a) only requires "that the insured shall offer" enhanced benefits. Colo. Rev. Stat. § 10–4–710(2)(a). Finally, the Tenth Circuit, in addressing section 10–4–707, *Brennan*, and the Colorado No-Fault act, highlighted the fact that section 10–4–706 and section 10–4–710 are not treated in a similar manner under the statutory scheme at issue. *Clark*, 319 F.3d at 1238.

Plaintiff's attempt to focus the inquiry on whether the policy actually provided extended PIP coverage to non-family occupants of the vehicle is unavailing. The proper inquiry is whether Defendant offered Plaintiff extended PIP coverage in conformity with Colorado Revised Statutes § 10–4–710.

Plaintiff's position regarding this matter is confusing. On the one hand, Plaintiff alleges that "[b]ecause [Defendant] failed to offer extended benefits to its insureds and to explain [extended] PIP coverages in writing before its policies issued, [Defendant] violated the [No Fault Act]." (Compl. ¶ 50.) On the other hand, it appears that Plaintiff does not dispute receiving an offer of extended PIP benefits, rather Plaintiff contends that the "offer" was defective because (1) "the PIP selections ostensibly offered by [Defendant] fails [sic] to have the proper options required under [Colorado Revised Statutes] § 10–4–710 because there is no option for unlimited wage benefits offered to any [of Defendant's] insureds," (Pl.'s Resp. at 5); (2) the policy "failed to include an option for the named insured to purchase extended PIP for the benefit of non-family

-11-

occupants and pedestrians," (*id.* at 4); and (3) the PIP form violated Colorado Revised Statutes § 10–4–706(4)(A).  (*Id.* at 11–12.)  While it appears at first blush that Plaintiff concedes he received an offer of extended PIP benefits, he neither definitively concedes as such nor explicitly agrees that Defendant's PIP form comprises an offer of extended PIP benefits.  Accordingly, viewing the facts in a light most favorable to Plaintiff and taking all the well pled allegations in the complaint as true, as I must, it is not clear at this stage of the litigation that Plaintiff received an offer of extended PIP benefits in conformity with Colorado Revised Statutes § 10–4–710.  Thus, Defendant's motion is denied.

**3.**     ***Plaintiff's Motion for Class Certification***

Plaintiff requests that I issue an order certifying this case as a class action.  (Pl.'s Br. at 1.) Plaintiff is seeking to represent the following class of Defendant's insureds: "[a]ll persons insured in Colorado as a named insured, resident relative of the named insured, passenger or pedestrian (as defined by [Colorado Revised Statutes] § 10–4–707), under an automobile policy issued by [Defendant] on or after July 1, 1992, and who received PIP benefits under such policy."  (*Id.* at 4.)

In determining whether Plaintiff's cause of action is suitable for determination on a class-wide basis, the provisions of Federal Rule of Civil Procedure 23 must be followed.  *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1112 (10th Cir. 2001); *see also Cook v. Rockwell Intern. Corp.*, 151 F.R.D. 378, 380–81 (D. Colo. 1993).  "[A]n inquiry into the merits of the claims of the representative or the class is inappropriate when making the decision whether the action should be certified under Rule 23."  7A Charles A. Wright et al., *Federal Practice and Procedure* § 1759 at

99 (1986).  A district court has broad discretion in deciding whether to allow the maintenance of a

class action.  *Id.* at 119.

Rule 23(a) requires four prerequisites to a class action: numerosity, commonality,

typicality, and adequacy of the named parties representing the class. Fed. R. Civ. P. 23(a); *Shook*

*v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004).  "The court must then look to the

category of class action under Rule 23(b) for additional prerequisites involving certification of a

class." *Shook*, 386 F.3d at 968.  Rule 23(b)(2), under which Plaintiff is moving, requires that "the

party opposing the class has acted or refused to act on grounds generally applicable to the class,

thereby making appropriate final injunctive relief or corresponding declaratory relief with respect

to the class as a whole." Fed. R. Civ. P. 23(b)(2).

Although not specifically mentioned in the rule, an essential prerequisite to an action under

Rule 23 is that there must be a class.  *In re A.H. Robbins Co., Inc.*, 880 F.2d 709, 728 (4th Cir.

1989), *abrogated on other grounds by Amchem Products, Inc. v Windsor*, 521 U.S. 591 (1997);

*Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir. 1976); *Nicodemus v. Union Pac. Corp.*, 204

F.R.D. 479, 489 (D. Wyo. 2001); *Colorado Cross-Disability Coalition v. Taco Bell Corp.*, 184

F.R.D. 354, 356–57 (D. Colo. 1999).  A class is sufficiently defined if it is "administratively

feasible for the court to determine whether a particular individual is a member." *Davoll v. Webb*,

160 F.R.D. 142, 143 (D. Colo. 1995).  "Where such a decision on the merits of a person's claim

is needed to determine whether a person is a member of a class, the proposed class action is

unmanageable virtually by definition." *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169

(S.D. Ind. 1997); *see also Armstrong v. Chicago Park Dist.*, 117 F.R.D. 623, 626–27 (N.D. Ill.

1987) (a class is "self defeating" where the court is forced to consider the merits of the controversy and to deny the class because of an inability to define who belongs in it before there has been a full trial).

### a.      Identifying the Requested Class

Before I address the elements of Rule 23, I must address Plaintiff's proposed class. Plaintiff's proposed class is not adequately defined such that it is "administratively feasible for the court to determine whether a particular individual is a member," *Davoll*, 160 F.R.D. at 143, nor is it possible to certify the class without a "a decision on the merits of a person's claim." *Kenro*, 962 F. Supp. at 1169.

First, the proposed class definition, including all persons who received PIP benefits, is overly broad because it necessarily includes members who "received PIP" benefits but are not entitled to extended PIP benefits. Plaintiff's proposed class definition implies that every insured who "received PIP" benefits is necessarily entitled to extended PIP benefits under Colorado Revised Statutes § 10–4–710. This definition presupposes that each insured who "received PIP" benefits was not offered extended PIP benefits under Colorado Revised Statutes § 10–4–710. At a minimum, Plaintiff's proposed class definition includes hypothetical plaintiffs who were offered, but declined, extended PIP benefits. These hypothetical plaintiffs would not be entitled to relief.

Second, it is not possible to certify the proposed class without deciding the merits of the litigation. As discussed above, the crux of this litigation is whether Defendant offered Plaintiff, and all similarly situated proposed plaintiffs, extended PIP benefits in conformity with Colorado's No-Fault Act. By its very nature, the inquiry is individual and requires a case by case analysis of

-14-

each insured's claims.  In fact, Plaintiff recognizes that this inquiry is central to his claim: "[t]his

case concerns the failure of [Defendant] to offer for inclusion in a policy of automobile insurance

those extended personal injury protection benefits required by Colorado statute to be offered to

its insureds."  (Pl.'s Br. at 1.)  Thus, this class is "self defeating" because the court is required to

consider the merits of the controversy before certifying the class.  *See Kenro*, 962 F. Supp. at

1169; *see also Armstrong*, 117 F.R.D. at 626–27.  Accordingly, the proposed class is not clearly

ascertainable.

       **b.**    **Rule 23(a)**

       Even assuming there were a clearly ascertainable class, Plaintiff's claims fail under the

Rule 23(a) analysis.  In order for this court to certify a class, Plaintiff must first establish the four

requirements of Rule 23(a): (1) the class is so numerous that joinder of all members is

impracticable (numerosity); (2) there are questions of law or fact common to the class

(commonality); (3) the claims or defenses of the representative parties are typical of the claims or

defenses of the class (typicality); and the representative parties will fairly and adequately protect

the interests of the class (adequacy of representation).  Fed. R. Civ. P. 23(a).  I need only address

the first two prerequisites.

       *(1)*    *Numerosity*

       The first prerequisite to a class action is that "the class is so numerous that joinder of all

members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Plaintiff argues that numerosity is satisfied

because "from 2001 to 2003 there were no less than 279 persons whose PIP claims would have

resulted in increased payments over those actually received, were they to have had [extended] PIP

coverage in their policies." (Pl.'s Br. at 15.) Plaintiff's argument is unavailing. Plaintiff's argument presupposes that (1) Defendant did not offer "the persons whose PIP claims would have resulted in increased payments" extended PIP benefits; and (2) assuming Defendant did offer "the persons whose PIP claims would have resulted in increased payments" extended PIP benefits the "persons" accepted such benefits. Again, these issues go to the crux and merits of the instant litigation.

Additionally, Plaintiff misstates the inquiry. "The directive of [section] 10–4–710 is to the insurer, not to the insured: all that is required is that the insurer offer these extended benefits." *Brennan*, 961 P.2d at 554. Thus, assuming Defendant offered these extended benefits, there is no guarantee, as Plaintiff suggests, that the insured would necessarily "have had [extended] PIP coverage in their policies." (Pl.'s Br. at 15.)

Accordingly, this court would necessarily have to resolve the merits of the litigation before certifying the class. Moreover, as described above, without a proper class definition, it is not possible to tell whether the proposed class is so numerous that joinder of all plaintiffs is impracticable. Accordingly, Plaintiff's motion fails on this element.

### (2)   *Commonality*

Even assuming that Plaintiff could establish the first prerequisite in Rule 23(a), Plaintiff's claim fails on the second prerequisite. The second prerequisite to a class action is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).

> [C]ommonality requires only a single issue common to the class.
> Thus, [t]he commonality requirement is met if plaintiffs' grievances
> share a common question of law or of fact. Further, [t]hat the

> claims of individual class members may differ factually should not
> preclude certification under Rule 23(b)(2) of a claim seeking the
> application of a common policy.

*J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999) (citations omitted) (internal

quotation marks omitted) (second and third alterations in original).  While the claims of individual

class members may differ factually, class certification is not appropriate where the factual

circumstances of each member of the class would have to be considered separately, including

issues regarding when, where, how, and under what circumstances each individual class member

received or did not receive an offer of extended PIP benefits.  *See Broussard v. Meinede Discount*

*Muffler Shops, Inc.*, 155 F.3d 331, 342 (4th Cir. 1998) (class certification is not appropriate

despite standardized contracts where oral representations associated with such contracts varied

from franchise to franchise).  This is so especially in light of the fact that the statute does not

require the "offer" of extended PIP benefits to be in writing.[2]  Therefore, Plaintiff cannot establish

the second prerequisite of class certification.  Thus, I do not need to address the remaining

prerequisites to class certification.

Finally, even assuming Plaintiff were to establish all the requirements of Rule 23(a), it

would be improper to certify a class under Rule 23(b)(2), because although couched in terms of a

declaratory judgment, Plaintiff's complaint seeks primarily monetary relief.  See *Boughton v.*

*Cotter Corp.*, 65 F.3d 823, 827 (10th Cir. 1995) (holding that the district court did not abuse its

---

[2]Even assuming that Colorado Revised Statutes § 10–4–710 required the "offer" of
extended PIP benefits to be in writing, this would still require an intense case by case analysis of
each proposed class members' claims and the sufficiency of the proposed offer.

discretion by failing to certify a class under Rule 23(b)(2) where the relief sought was primarily money damages). Two of Plaintiff's three claims for relief request some form of monetary damages. (Compl. ¶¶ 45–57.) Plaintiff's first claim for relief seeks declaratory relief and "their right to [extended] PIP coverage beyond the $200,000 cap imposed by [Defendant], and 18% statutory interest upon any benefits paid." (*Id.* ¶ 47.) Plaintiff's second claim for relief is for breach of contract and Plaintiff seeks "sustained damage in amounts to be proven at trial, including the differential between the amount of extended PIP-compensable losses or damages incurred, and the amount of PIP benefits paid by [Defendant]." (*Id.* ¶ 57.) Accordingly, Plaintiff's cause of action is not suitable for determination on a class-wide basis pursuant to Rule 23(b)(2).

**4.     *Conclusions***

Based on the foregoing it is therefore

ORDERED as follows:

1.  Defendant's motion to dismiss or alternatively strike class allegations (# 9) is DENIED.

2.  Plaintiff's motion for class certification (# 34) is DENIED.

Dated this 19th day of January, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge