IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00727-EWN-BNB

CEZER MORRIS, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation,

Defendant.

_____

**ORDER**
_____

This matter is before me on the following:

(1)     **Joint Motion to Amend Supplemental Scheduling Order Re: Dispositive Motions Deadline** [Doc. # 122, filed 6/4/2008] (the "Motion to Extend Dispositive Motion Deadline"); and

(2)     **Joint Motion to Amend Supplemental Scheduling Order** [Doc. # 123, filed 6/4/2008] (the "Motion to Extend Discovery Cut-Off").

The parties appeared before the district judge on April 11, 2008, following the remand of this case from the Tenth Circuit Court of Appeals. The district judge granted the parties' request to reopen discovery and to set a new dispositive motion deadline. Accordingly, the district judge set a discovery cut-off of July 11, 2008, and a dispositive motion deadline of August 11, 2008.

The parties now seek to extend by 45 days the discovery cut-off and the dispositive motions deadline. The parties have failed to establish good cause to extend those deadlines, however, and the Motion to Extend Dispositive Motion Deadline and Motion to Extend

Discovery Cut-Off are DENIED.

Consistent with the general practice of the district judge, I may modify the dispositive motion deadline only if the modification results in shortening the deadline. The dispositive motion deadline may not be extended except by an order of the district judge entered upon (1) written motion demonstrating "good cause" for an extension, and (2) my written recommendation setting forth the reasons I believe there is good cause for the extension and proposing that the motion be granted. In the event I conclude that good cause does not exist for an extension of the dispositive motion deadline, however, I may deny the requested extension.

In denying the pending motions, I have applied the good cause standard as defined in the Advisory Committee Notes to Rule 16, Fed. R. Civ. P., which is:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend. I also considered the explanation of good cause set out in Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co., 986 F. Supp 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997):

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(Internal citations omitted.)

Applying this standard to the facts of this case leads me to conclude that good cause does not exist justifying the requested extensions. In reaching my conclusion, I note that the basis offered in support of the motions is the following:

> [T]he parties have had frank and productive discussions about the nature of the remaining claims and defenses and are agreed that the interests of both parties will best be served if this case can be settled without further time and expense devoted to litigation. In order to maximize the chances for settlement, the parties have also agreed to use a private mediator. . . .
>
> In light of the likelihood of reaching a prompt, informal settlement, the parties jointly seek to amend the supplemental scheduling order by extending the deadline[s] . . . to enable the parties to fully explore the potential for settlement without burdening the Court with unnecessary motions.

Motion to Extend Dispositive Motion Deadline at ¶¶1-2.

Although I encourage resolution of the case through settlement, including the use of a private mediator where the parties believe it is appropriate, participation in a settlement conference offers no basis for a finding that the scheduling deadlines cannot be met despite diligent efforts.

IT IS ORDERED that the Motion to Extend Dispositive Motion Deadline and Motion to Extend Discovery Cut-Off are DENIED.

Dated June 5, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge